# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Lance Posner and Eva Posner,

    Plaintiff

v.

U.S. Bank National Association,

    Defendant

Case No.: 2:19-cv-00472-JAD-VCF

**Order Granting Motions to Dismiss and to Expunge Lis Pendens and Closing Case**

[ECF Nos. 16, 17]

Plaintiffs Lance and Eva Posner's quiet-title action against defendant U.S. Bank is based on two theories: (1) the original lender's assignment to U.S. Bank was ineffective because earlier assignments cloud the chain of title and prevent the bank from foreclosing on the home, and (2) the foreclosure is barred by a 10-year statute of limitations in NRS 106.240.[1] U.S. Bank moves to dismiss the Posners' claims for injunctive and declaratory relief because they are not true causes of action.[2] It also seeks dismissal of their quiet-title claim and to expunge their lis pendens, arguing that the bank is the bona fide holder of the note and beneficiary of record for the deed of trust and because NRS 106.240 does not apply.

Because the Posners' claims for injunctive and declaratory relief are mere prayers for relief, I grant the Bank's motion to dismiss these two claims. The Posners do not dispute that the bank is the holder of the note and beneficiary of record for the deed of trust, so this case falls squarely under the Nevada Supreme Court's decision in *Edelstein v. Bank of New York Mellon*,[3] which confirms the bank's right to foreclose. The Posners fail to distinguish *Edelstein* and other

---

[1] ECF No. 1-4 (amended complaint).

[2] ECF Nos. 16 (motion to dismiss), 17 (motion to expunge lis pendens).

[3] *Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249, 259 (Nev. 2012).

Nevada authority that precludes them from challenging the assignment between the original lender to U.S. Bank, as the Posners were not parties to, or intended beneficiaries of, that assignment. Finally, because NRS 106.240 is not a statute of limitations and does not apply to a rescinded notice of default, it does not prevent the bank from foreclosing on the property. Accordingly, I grant the bank's motions to dismiss and expunge the lis pendens, and I close this case.

## Background[4]

In 2007, Lance and Eva Posner acquired the home at 2293 Buckingham Court in Henderson, Nevada, by a quit-claim deed from David and Michelle Smith.[5] The Smiths had purchased the property with two mortgage loans totaling $1,237,000 from Novelle Financial Services in 2005.[6] In November 2008, Chase Home Finance, LLC, recorded a Notice of Default and Election to Sell,[7] but that notice was rescinded one month later.[8] Between 2008 and 2010, during which JP Morgan Chase Bank had acquired Chase Home Finance, either one or both entities attempted unsuccessfully to negotiate a loan modification with the Posners.[9]

On November 30, 2010, multiple title-related changes occurred. Chase Home Finance assigned the deed of trust to defendant U.S. Bank National Association as trustee for MASTR Asset Back Securities Trust 2006-HE1, Mortgage Pass-Through Certificates, Series HE-1.[10]

---

[4] These facts are summarized from the plaintiffs' complaint and are not to be construed as findings of fact.
[5] ECF No. 1-4 at 1–2.
[6] *Id*. at 2.
[7] *Id*. at 4.
[8] *Id*. at 5.
[9] *Id*.
[10] *Id*. at 6.

Colleen Irby signed the assignment as "Vice President" for Chase Home Financial; the Posners believe that Irby was actually a robosigner.[11] Irby, who later purported to be acting on behalf of U.S. Bank National Association by JP Morgan Chase Bank as the attorney-in-fact, substituted the original trustee, Ron Morrison, for California Reconveyance Company.[12] And JP Morgan Chase Bank filed another Notice of Default with the county recorder's office.[13] All three exhibits were notarized in California by the same notary, C. Lucas.[14]

After the Posners received the Notice of Default, the parties participated in Nevada's Foreclosure Mediation Program.[15] The program required the lender to provide documents to verify its legal right to foreclose on the property and chain of title in order for a certificate of foreclosure to issue.[16] The mediation occurred in July 2011 and Chase Bank appeared on behalf of the lender.[17] Chase Bank claimed "that the loan had gone from Novelle Financial Services to Washington Mutual Bank," but that Washington Mutual Bank was "taken over by the Federal Deposit Insurance Corporation" because it became insolvent during the recession.[18] Chase Bank produced a document to show that JP Morgan Chase had purchased "most of the assets of Washington Mutual Bank," but it was not clear that the subject property was included in that transaction, and this assignment wasn't recorded.[19] Chase Bank also didn't provide evidence of

---

[11] *Id.*
[12] *Id.* at 6–7.
[13] *Id.* at 7.
[14] *Id.* at 8.
[15] *Id*
[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] *Id.* at 8–10.

the assignment from Novelle Financial Services to Washington Mutual Bank, so the mediator denied it a foreclosure certificate.[20] The trustee then rescinded the Notice of Default in 2012.[21]

In May 2012, another set of assignments cleaned up the chain of title. A Corporation Assignment of Deed of Trust was recorded, representing that Novelle Financial Services assigned the deed of trust to U.S. Bank National Association. It was signed by J.T. Long, an employee of JP Morgan Chase Bank, who purported to be the attorney-in-fact for Novelle Financial Services.[22] JP Morgan Chase Bank also substituted the National Default Servicing Corporation as Trustee.[23]

U.S. Bank then filed for a judicial foreclosure in state court in 2012 and 2013, but both suits were dismissed without prejudice for failing to effectuate service of process.[24] In 2017, U.S. Bank filed a notice of default and the parties participated in a second foreclosure mediation.[25] It, too, failed.[26] The Posners then filed this lawsuit for an "injunction, quiet title to real property, and declaratory judgment" in state court[27] before the bank removed it to federal court.[28]

---

[20] *Id*. at 9.
[21] *Id*.
[22] *Id*. at 10.
[23] *Id*. at 11.
[24] *Id*. at 11–12
[25] *Id*. at 15–16.
[26] *Id*.
[27] ECF Nos. 1-2, 1-4.
[28] ECF No. 1.

**Discussion**

**I.    The Posners overpled their prayers for declaratory and injunctive relief as claims.**

The Posners' first and second causes of action ask for an injunction and declaratory relief to bar the bank from foreclosing on the subject property.[29] The bank argues that neither claim is an independent cause of action, or these claims are duplicative of the relief sought for the Posners' quiet-title claim.[30] Neither "claim" is a an independent cause of action, but rather a remedy for the quiet-title claim.[31] Because the Posners' first and second causes of action are more accurately just prayers for relief, I grant the bank's motion to dismiss them and I construe them instead as prayed-for remedies for the Posners' single quiet-title claim.

**II.   The Posners cannot plead a plausible quiet-title claim on these facts.**

The Posners' quiet-title claim is based on two theories why this court should declare that the bank has no right to enforce the deed of trust and foreclose on the home: (1) the bank is not a bona fide assignee of the deed of trust and promissory note, and (2) any foreclosure is barred by NRS 106.240.[32] The bank argues that the Posners can't plead a quiet-title claim because they admittedly are still in default; it is the bona fide holder of the note and deed of trust, as certified through the state's foreclosure mediation program; and NRS 106.240 is inapplicable.[33] Because

---

[29] ECF No. 1-4.

[30] ECF No. 16.

[31] *See Stock West, Inc. v. Confederated Tribes of Colville Reservations*, 873 F.2d 1221, 1225 (9th Cir. 1989) (explaining that the Declaratory Relief Act, 28 U.S.C. § 2201, does not provide an independent cause of action or basis of jurisdiction); *In re Wal-Mart Wage & Hour Employment Practices Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007) (dismissing claim for injunctive relief "with the understanding that [the claim] is not an independent ground for relief" but a remedy).

[32] ECF No. 1-4.

[33] ECF No 16.

I find that the Posners can't establish their right to quiet-title relief under either of their theories based on the facts and documents they rely on, I grant the bank's motion to dismiss.[34]

### A. NRS 106.240 does not prevent the bank from foreclosing.

The Posners allege that the bank is not entitled to foreclose on the subject property because NRS 106.240 gave the bank just ten years after the loan was accelerated by the first Notice of Default in 2008 to foreclose, and it missed that window.[35] The bank argues that NRS 106.240 does not apply here because that Notice of Default was rescinded a month after it was filed, effectively "deaccelerat[ing] the loan and restoring the original terms under the loan contract" by operation of NRS 107.550(3).[36] The Posners respond that "[t]here is nothing in [NRS 106.240] that permits a mortgage lender to voluntarily or unilaterally decelerate a foreclosure initiated by a Notice of Default and Election to Sell."[37]

NRS 106.240 states that a lien created by a recorded deed of trust "shall[,] at the expiration of 10 years after the debt secured by the mortgage or deed of trust according to the terms thereof or any recorded written extension thereof become wholly due, terminate, and it shall be conclusively presumed that the debt has been regularly satisfied and the lien discharged." This section "creates a conclusive presumption that a lien on real property is extinguished ten years after the debt becomes due," and it is not a statute of limitation.[38] More

---

[34] Because I dismiss on this basis, I need not and do not reach the question of whether the Posners can even seek this relief while in default.

[35] ECF No. 1-4.

[36] ECF No. 16 at 9.

[37] ECF No. 24 at 17. The Posners also argue that the doctrine of laches bars the bank's foreclosure, however, they did not allege a laches theory in their complaint, so I do not reach this argument. *Id.* at 18.

[38] *Pro-Max Corp. v. Feenstra*, 16 P.3d 1074, 1077 (Nev. 2001).

6

importantly for our purposes, its application in this case is prevented by NRS 107.550(3), which provides that, if a recorded notice of default and election to sale is subsequently rescinded, "the mortgagee or beneficiary of the deed of trust is thereupon restored to its former position and has the same rights as though an action for a judicial foreclosure had not been commenced or a notice of default and election to sell had not been recorded." Because the Posners concede in their complaint that the 2008 Notice of Default was rescinded,[39] and they have not shown that NRS 107.550(3) doesn't apply, the Posners cannot establish a claim based on this quiet-title theory as a matter of law. So I grant the bank's motion to dismiss this NRS 106.240-based theory.

### B. The Posners cannot establish that chain-of-title issues prevent the bank from enforcing its security interest.

The Posners allege that Novelle Financial Services was the original holder of the note and beneficiary of the deed of trust on the Smith loan, and that the Smiths quitclaimed title to the Posners in 2007.[40] They also allege that in 2012—after several assignments—Novelle assigned the note and its interest in the deed of trust to defendant U.S. Bank.[41] The bank argues that it has the right to foreclose because it is both the holder of the note and beneficiary of record for the deed of trust, stressing that it received a certificate of its rights through Nevada's foreclosure

---

[39] ECF No. 1-4 at 16 (citing ECF No. 1-5 at 23–24).

[40] *See* ECF No. 1-4 at 3; ECF No. 1-5 at 4–5. The Posners submitted an incomplete copy of the deed, so I incorporate by reference the bank's exhibit of the deed, ECF No. 16-1. I take judicial notice of this record. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003) (providing that a court can consider the pleading, attached documents, documents incorporated by reference, or judicially[ ]noticed matters without converting the motion to one for summary judgment.").

[41] ECF No. 1-4 at 10; ECF No. 1-6 at 7, 19.

mediation program.[42] As the Nevada Supreme Court explained in *Edelstein v. Bank of New York Mellon*, deeds of trust are enforceable even if the note and deed of trust are at some point "split," so long as they are united at the time of foreclosure.[43] The Posners do not dispute that the note and deed of trust have been reunified, therefore establishing U.S. Bank's right to enforce the loan under *Edelstein*. Instead, the Posners contend that the use of a robosigner in the assignment to U.S. Bank strips the bank of that right.[44]

But the Posners, as strangers to that assignment, lack standing to attack it. In *Wood v. German*, the Nevada Supreme Court found that a homeowner lacked standing to attack a loan assignment, even if it violated a pooling and servicing agreement, because the homeowner "was neither a party nor an intended third-party beneficiary of [that agreement]."[45] The Posners have not alleged that they were parties to the U.S. Bank assignment or intended third-party beneficiaries of it—nor can they legitimately do so. While they rely on a Massachusetts case[46] for their standing to attack the assignment, the Posners fail to reconcile or address *Wood* or *Edelstein*. They purport to rely on "[t]he requirement . . . also found in Foreclosure Mediation

---

[42] ECF No. 16. The bank asks me to take judicial notice of several documents, including an "Order for Foreclosure Mediation Certificate" that purportedly established its bona fide interest as the beneficiary of record for the deed of trust and as the holder of the note, and I do. *Id*. at 4–5, 9; ECF No. 16-8. But I only consider this exhibit to the extent that it shows that the parties participated in the foreclosure mediation program because it doesn't contain a discussion of the results of the mediation or of the bank's rights as to the loan. At most, the exhibit shows that the parties were unable to reach an agreement and that mediator recommended that the state court dismiss the petition for mediation.

[43] *Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249, 259 (Nev. 2012).

[44] ECF No. 24 at 8, 19–25.

[45] *Wood v. Germann*, 331 P.3d 859, 861 (Nev. 2014).

[46] *Ross v. Deutsche Bank Nat. Tr. Co.*, 933 F. Supp. 2d 225, 230 (D. Mass. 2013) ("The First Circuit has recently held that mortgagors have standing "to challenge the assignment of a mortgage . . . to the extent that such a challenge is necessary to contest a foreclosing entity's status qua mortgagee.").

8

Rule 13,"[47] but they provide no analysis of that rule to show how or why it serves as their basis for such standing. Because the *Edelstein* decision establishes U.S. Bank's current right to enforce the deed of trust, and the Posners have not demonstrated any legitimate legal basis to dispute it, I grant the bank's motion to dismiss the Posners' remaining quiet-title theory.

### C. Leave to amend is denied.

"The decision of whether to grant leave to amend . . . remains within the discretion of the district court, which may deny leave to amend due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment."[48] The Posners already amended their complaint in state court before the bank removed their case to federal court.[49] And the basis for my dismissal of their claims is not inadequate or erroneous allegations, but the Posners' affirmative factual allegations that plead them out of any legal claim as a matter of law. Because further amendment would be futile, I dismiss the Posners' quiet-title action with prejudice.

### Conclusion

**IT IS THEREFORE ORDERED** that U.S. Bank's Motion to Dismiss **[ECF No. 16] is GRANTED.** This case is dismissed with prejudice.

**IT IS FURTHER ORDERED** that U.S. Bank's Motion to Expunge Lis Pendens **[ECF No. 17] is GRANTED.**

---

[47] ECF No. 24.

[48] *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (internal quotation and alterations omitted).

[49] ECF No. 1-2 (original complaint).

9

The Clerk of Court is directed to **ENTER JUDGMENT** for the defendant and against the plaintiffs and **CLOSE THIS CASE**.

Dated: March 18, 2020

_____
U.S. District Judge Jennifer A. Dorsey